## W. H. JONES, ET AL., v. E. M. SPENCER.

[Abstract Kentucky Law Reporter, Vol. 1—344.]

**Levy by Sheriff.**

Where the sheriff has made no levy, notwithstanding he has promised to make the debt out of one of the debtors, he may legally enforce the levy upon the estate of the other debtor, and he is not liable on any such a promise.

APPEAL FROM GALLATIN CIRCUIT COURT.

October 26, 1880.

OPINION BY JUDGE PRYOR:

There is no obligation imposed on a sheriff by reason of his bond or by virtue of his office to levy an execution upon the property of one judgment debtor for the protection of another bound jointly with him, unless the latter has in some way the control of the execution and that fact is known to the sheriff. Here Boaz and Spencer were jointly bound to the execution creditor, and the sheriff by the writ commanded to make the money out of the estate of both the execution debtors, the one so far as the sheriff was concerned, as much liable as the other. If the sheriff had seen Boaz for the purpose of making the levy, and had been told by the latter that Spencer was the man who obtained the money for which the judgment was obtained, the sheriff would then be required, if this judgment is sustained, to investigate the liability of the parties in the judgment, the

'one to the other, in order to protect himself from danger when required at the instance of either to make a levy.

His promise to levy, unless made in bad faith and with a view to enable the judgment debtor to dispose of his property that the other may be compelled to pay it, is a mere *nudum factum,* and no action can be maintained upon it. The sheriff believed that Boaz would pay the debt, and as evidence of that fact lost by reason of indulging him in the payment of other claims more than the amount of this judgment. No fraud is alleged on the part of the sheriff, or any conspiracy between him and Boaz by which the entire burden of payment was to be thrown upon the appellee.

In such a state of case a recovery might be had; or where the sheriff had seized the property and released it from the levy, or after the levy had permitted the property to be removed, the claim of the surety might be heard, but where no levy had been made the sheriff, notwithstanding a promise to make the debt out of one of the debtors, could have proceeded at once to make and enforce his levy upon the estate of the other. If the creditor before or after judgment had promised to make the debt out of one or the other of the debtors without any consideration for the promise it would not have been binding upon him. The surety, by paying the debt and obtaining an assignment from the creditor having the right to control the execution, could then have made the sheriff responsible; but in the absence of any control over the writ for a mere omission to make the levy no liability exists, although as between the common debtors the one who has secreted or removed his property may alone be liable. If the sheriff has seized the property, or permitted it to be removed after the levy, then the surety may complain; but prior to the levy the promise of the sheriff to levy, if made, is not obligatory unless it is followed by bad faith amounting to fraud or collusion between the debtor and the sheriff in order to subject the property of one to the payment of the entire debt. No such bad faith is established or relied on in this case.

Judgment *reversed* and cause remanded for further proceedings consistent herewith.

*J. J. Landrum, R. B. Brown, for appellants.*

*N. T. Lindsay, Strother & Orr, for appellee.*